Mr. Joshua Helton c/o Shayne King, Director Bryant Human Resources Department 210 S.W. 3rd Street Bryant, Arkansas 72022
Dear Mr. Helton:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter states that someone has used the FOIA to request your personnel file. You indicate that the custodian intends to release the responsive documents, and you have attached portions of certain disciplinary records you ask this office to "review" and "provide an opinion as to whether [they] should be released. . . ."
RESPONSE
My statutory duty is to state whether the decision of the records' custodian is consistent with the FOIA. In this case, it is my understanding that you seek my review only for the documents you have attached to your request. I will set out the general law bearing on those records and explain why, in my opinion, the custodian's decision to release them is consistent with the FOIA. *Page 2 
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met in this case. As for the first element, the documents are held by the Personnel Department of the City of Bryant, which is a public entity. As for the second element, the FOIA defines "public records" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[1]
Because the records are held by a public entity, they are rebuttably presumed to be public records. From my review of the records, there is no indication that this presumption can be rebutted. Thus, they constitute public records, in my opinion.
Given that the documents are public records, they must be released unless some exemption shields them from disclosure. There seems to be only one exemption that applies here. But, in my opinion, it will not shield the records from disclosure. Before analyzing that potential exemption, I should note that several documents you have attached are public records that are clearly not subject to any exemption. Those records consist of the departmental personnel policies. There are, however, two documents that are properly defined as employee evaluation records. But, as explained below, these particular records must be disclosed, in my opinion.
The FOIA exempts some "employee evaluation or job performance records" from disclosure. While the FOIA does not define that phrase, this office has consistently *Page 3 
opined that the phrase refers to records that were created by (or at the behest of) the employer, and that detail the employee's performance or lack of performance on the job.[2] This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct.[3]
If a document meets the above definition, the document cannot be released unless all the following elements have been met:
 1. The employee was suspended or terminated (i.e., level of discipline);
 2. There has been a final administrative resolution of the suspension or termination proceeding (i.e., finality);
 3. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (i.e., relevance); and
 4. The public has a compelling interest in the disclosure of the records in question (i.e., compelling interest).[4]
As for the final prong, the FOIA never defines the key phrase "compelling public interest." But two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered *Page 4 
compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.[5]
These commentators also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists.[6] With respect to allegations of police misconduct, I have pointed out a special consideration regarding "cops on the beat":
 [A] compelling public interest likely exists in information reflecting a violation of departmental rules by a "cop on the beat" in his interactions with the public. See Op. Att'y Gen. 2006-106. If the prior disciplinary records reflect a suspension based on this type of infraction, a strong case for the finding of a compelling public interest exists.[7]
Whether there is a compelling public interest in particular records is a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information.
In my opinion, any records relating to disciplinary actions or internal affairs investigations clearly fall within the category of evaluation records. The two documents you attached with the Bryant Police Department letterhead constitute employee evaluation records, in my opinion, because they describe a disciplinary investigation and action based on that investigation.
Because those two documents are employee evaluation records, we must assess the four prongs listed above to determine whether they should be released. The *Page 5 
first element — level of discipline — is met because, as I understand, this disciplinary action resulted in termination. The second element — finality — is met because, as I understand, there are no more administrative remedies available to reverse the disciplinary action. The third element — relevance — is met because the two documents simply detail portions of the investigation and disciplinary proceedings that led to the termination.
The only remaining question is whether the fourth element — compelling public interest — is met. In my opinion, it is met. The public has a compelling interest in knowing whether its police officers are fit for duty. The employee evaluation records reflect a disciplinary infraction that could clearly undermine the public trust, compromise civilians' safety, or compromise the safety of other Department employees. Accordingly, it seems clear that the "compelling public interest" standard is met.[8] Accordingly, the fourth element is also met. Because all the elements that mandate release are met, the records must be released, in my opinion.
In summary, the custodian's decision to release the documents you have asked me to review is consistent with the FOIA. Most of the documents you sent are public records that do not fall under the definition of any exempt records. Of the two records that are employee evaluation records, neither may be shielded from disclosure. Thus, those two employee evaluation records should be released, in my opinion.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[2] Op. Att'y Gen. 2004-012 (and opinions cited therein).
[3] Id.
[4] A.C.A. § 25-19-105(c)(1) (Supp. 2009); Op. Att'y Gen. 2008-065.
[5] Watkins Peltz,supra, at 217-18 (footnotes omitted).
[6] Id. at 216 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.").
[7] Op. Att'y Gen. 2007-206.
[8] Compare Op. Att'y Gen. 97-400. *Page 1